UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SURAJ SURAJ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　Respondents. | Case No. 2:25-cv-02699-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.     INTRODUCTION AND BACKGROUND

Petitioner Suraj Suraj is a citizen of India who entered the United States in 2023, was apprehended by Immigration and Customs Enforcement ("ICE") officers on November 8, 2025, and is now detained at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 ¶ 14; Dkt. 11 ¶¶ 2–3, 8, 12; Dkt. 9-2. At the time of his arrest, Suraj had a pending asylum application and a work permit. Dkt. 1 ¶¶ 3, 6; Dkt. 11 ¶¶ 4, 9. There is no indication that he has had a custody redetermination hearing before an Immigration Judge ("IJ"), as the government has determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 7 at 2; Dkt. 8 at 3–4; Dkt. 10 at 8–10; Dkt. 11 ¶¶ 14–15.

On December 26, 2025, Suraj filed a petition for writ of habeas corpus arguing that Respondents had violated his Fourth and Fifth Amendment rights by arresting him without

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

probable cause and detaining him without an individualized determination of whether he presents a flight risk or danger to the community. Dkt. 1 ¶¶ 32–48. On January 7, 2026, he amended the petition to add a claim that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). Dkt. 7. The next day, Federal Respondents filed a return addressing only the statutory claim. Dkt. 8.

On January 20, Suraj filed a traverse discussing both the statutory and constitutional claims. Dkt. 10. He attached a declaration attesting to specific facts about the circumstances of his apprehension by ICE agents. Dkt. 11. The Court then gave Respondents the opportunity to file supplemental briefing addressing Suraj's Fourth Amendment claim. Dkt. 12. On January 30, Federal Respondents filed a supplemental brief. Dkt. 13.

The habeas petition is now ripe for the Court's review. Because Suraj is entitled to a bond hearing under § 1226(a), the Court GRANTS the petition for writ of habeas corpus.

## II.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.   DISCUSSION

### A.   Suraj is entitled to habeas relief as a member of the *Rodriguez Vazquez* Bond Denial Class.

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection,

> (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Suraj argues that he is entitled to consideration for release on bond under § 1226(a) because he is a member of the Bond Denial Class. Dkt. 7 at 2. While Federal Respondents express their continued disagreement with *Rodriguez Vazquez*, they do not dispute that Suraj will meet the Bond Denial Class definition once he requests a bond hearing before an IJ. Dkt. 8 at 2–3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Suraj is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Suraj has thus shown that his mandatory detention under § 1225(b)(2) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).[1] Moreover, although there is no indication that Suraj has requested a bond hearing before an IJ, this does not preclude him from seeking habeas relief as a class member. *See Mejia Lopez v. Noem*, No. 2:26-CV-00228-TMC, 2026 WL 323057, at *3–4 (W.D. Wash. Feb. 6, 2026) (explaining that a detainee need not request a bond

---

[1] On February 9, Federal Respondents filed a notice of supplemental authority, namely, the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Dkt. 14. On February 13, Suraj filed a response. Dkt. 15. *Buenrostro-Mendez* is not binding on this Court and does not alter the Court's analysis in this matter.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

hearing before seeking habeas relief as a Bond Denial Class member because Respondents are already treating him as subject to mandatory detention under § 1225(b)(2)).

**B.    Any claims related to an unlawful stop and arrest do not warrant release from custody.**

Suraj argues that the ICE agents who apprehended him lacked probable cause for the arrest and failed to identify themselves, present a warrant, or explain why he was being detained. Dkt. 1 ¶¶ 21–22, 32–38; Dkt. 11 ¶¶ 9, 12–13. He attests that while he was staying at a friend's home in Portland, the officers entered the home as he was sleeping, asked him about his immigration status, and decided to "arrest him because he [was] asking too many questions." Dkt. 11 ¶¶ 6, 9–10. He maintains that habeas relief is appropriate "because the unlawful stop and arrest are the only basis by which Respondents asserted their custody authority over [him]." Dkt. 10 at 2. Federal Respondents argue that the Court lacks jurisdiction to consider claims related to Suraj's arrest and that release from custody is not an available remedy for an unlawful arrest claim. Dkt. 13.

Suraj's account of his arrest—which Federal Respondents do not dispute—suggests that the ICE agents involved in his apprehension lacked probable cause to detain him and may have violated the law. *See Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. CV 25-3417 (BAH), 2025 WL 3465518, at *27 (D.D.C. Dec. 2, 2025); 8 U.S.C. § 1357(a)(2). However, even if his arrest was unlawful, it would not provide a basis for release from custody. Although as "a general matter, the Fourth Amendment's exclusionary rule does not apply to immigration proceedings," there are "two longstanding exceptions": (1) "when the agency violates a regulation promulgated for the benefit of petitioners and that violation prejudices the petitioner's protected interests," and (2) "when the agency egregiously violates a petitioner's Fourth Amendment rights." *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019) (quoting *Sanchez*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

*v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018)). Suraj may pursue these remedies in his removal proceedings. *See id.* "[A]dministrative tribunals are still required to exclude evidence that was obtained by deliberate violations of the Fourth Amendment or by conduct a reasonable officer should know is in violation of the Constitution." *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008) (citation modified).

But in civil as in criminal proceedings, "the 'body' or identity of a defendant or respondent . . . is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). As the Ninth Circuit has explained, "a defendant, including his identity, is properly before a court in a criminal or civil proceeding despite the initial illegal police action." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1132 (9th Cir. 2006). Thus, while the legality of Suraj's initial arrest may be at issue in his removal proceedings, it does not provide this Court a basis for concluding that his current detention violates the INA or the Constitution.

**C.     The relief available to Suraj is a bond hearing before an IJ.**

"In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-CV-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). A conditional writ is the "typical relief granted" in a federal habeas case. *Doe v. Garland*, 109 F.4th 1188, 1193 (9th Cir. 2024) (quoting *Herrera v. Collins*, 506 U.S. 390, 403 (1993)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

Here, Suraj's entitlement to habeas relief is based on Respondents' application of the incorrect statutory framework to his detention. Section 1226(a) requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to this Petitioner. *See* 8 U.S.C. § 1226(a). If Respondents fail to comply with this order, Suraj may seek further relief from the Court at that time.

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 7) is GRANTED.
2. Within fourteen days of receiving Petitioner Suraj Suraj's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 24th day of February, 2026.

Tiffany M. Cartwright
United States District Judge